106 F.3d 404
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony E. TAYLOR, Defendant-Appellant.
 No. 96-2447.
 United States Court of Appeals, Seventh Circuit.
 Argued Dec. 17, 1996.
Decided Jan. 06, 1997.
 
 Before COFFEY, FLAUM and EVANS, Circuit Judges.
 
 ORDER
 
 1
 Anthony Taylor robbed two banks. In both instances, Taylor approached the teller, once placing a box on the counter and the other time patting a bag, and stated that he had enough explosives to blow up the whole building. After Taylor was apprehended, he pleaded guilty to two counts of robbery in violation of 18 U.S.C. § 2113(a).
 
 
 2
 Taylor objected to a three point offense level enhancement for brandishing, displaying or possessing a dangerous weapon under U.S.S.G. § 2B3.1(b)(2)(E). In his objection, Taylor specifically argued that for sentencing purposes the proper characterization of the use of the bag and box used during the commission of the bank robberies was as an express threat of death subject to a two level enhancement pursuant to U.S.S.G. § 2B3.1(b)(2)(F). The district court agreed, and Taylor was sentenced accordingly. On appeal, Taylor challenges precisely the two level sentence enhancement imposed pursuant to § 2B3.1(b)(2)(F) for express threat of death.
 
 
 3
 In his written objection to the three level enhancement pursuant to § 2B3.1(b)(2)(E) for brandishing a dangerous weapon, Taylor unequivocally proposed the two level enhancement under § 2B3.1(b)(2)(F) for express threat of death as the appropriate applicable enhancement. At the sentencing hearing, Taylor again argued in favor of the express threat of death enhancement over the dangerous weapon enhancement. In applying the express threat of death sentence enhancement, the district court granted Taylor precisely what he had requested in his objection to the presentence report during the sentencing hearing.
 
 
 4
 Taylor has voluntarily waived his right to challenge the express threat of death sentence enhancement and the issue cannot be reviewed even for plain error. United States v. Ross, 77 F.3d 1525, 1542 (7th Cir.1996) (defendant proposed and thereby implicitly approved the district court's jury instructions). See also United States v. Olano, 507 U.S. 725, 733 (1993) (whereas forfeiture is the failure to make the timely assertion of a right, waiver is the intentional relinquishment or abandonment of a right); United States v. Lakich, 23 F.3d 1203, 1207 (7th Cir.1994) (appellate court may correct errors affecting substantial rights despite the defendant's failure to object, but only in instances of forfeited-but-reversible error, not for the purpose of revoking an otherwise valid waiver).
 
 
 5
 On appeal Taylor relies upon his equivocation at the sentencing hearing. In addressing the enhancement issue before the district court at sentencing, Taylor stated that he thought there was a good argument in favor of no enhancement at all, but that in making the argument it would be necessary to rely on the dissent in United States v. Hunn, 24 F.3d 994, 999 (7th Cir.1994). Defense counsel stated to the district court, "the dissent ... took the position that there should be no enhancement because some degree of force is assumed within the allegation under 2113(a). I would love it if his would have been the majority opinion, but as I have a duty to advise the court of the law, I also have the duty to advise them that it was a dissenting opinion." Tr. at 6. Though we do not decide whether a presentence waiver may be overcome by argument at sentencing, suffice it to say that Taylor's remarks at sentencing do not amount to argument, do not constitute an objection, and do not indicate a withdrawal of the request to impose the express threat of death enhancement.
 
 
 6
 Moreover, we think there is no doubt that the express threat of death enhancement is proper in this case. Taylor submits that an express threat of death must be directed at the individual receiving the threat, relying on examples in the Guidelines which so characterize express threats of death.[1] We think that threatening to detonate an explosive device which will bring about the destruction of the entire facility necessarily threatens the life of everyone within the facility, including the teller-recipient of the threat.[2]
 
 
 7
 At oral argument Taylor suggested that threatening to blow up the building is strictly a threat of property damage. We find this to be preposterous.
 
 
 8
 The purpose of the express threat of death sentence enhancement is to heighten the punishment of offenders who heightened the fear factor beyond that necessary to accomplish the offense. U.S.S.G. § 2B3.1(b)(2)(F), App.N. 7.[3] At oral argument, Taylor argued that the offense of bank robbery contains an inherent amount of violence and intimidation, and that the enhancement for express threat of death should apply only when the bank robber creates fear or intimidation significantly greater than that required to commit the crime. While Taylor's proposition is sound, this court pointed out that all that is required to accomplish the offense of bank robbery is "the taking by force, violence, or intimidation, anything of value from a bank." Hunn, 24 F.3d at 998; 18 U.S.C. § 2113. An express threat of death is not an inherent, included element of the offense of bank robbery. Banks can be robbed without the robber invoking the applicability of the express threat of death enhancement. For example, Taylor could have simply said to the teller, "This is a robbery; give me all the money in your drawer." But instead he threatened to blow up the building if the teller failed to cooperate.
 
 
 9
 Taylor's challenges to the applicability of the express threat of death are meritless, and waived in any event. Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 "Give me the money or I will kill you," or "Give me the money or I will shoot you," and "Give me the money or you are dead" are three such examples. U.S.S.G. § 2B3.1(b)(2)(F), App.N. 7, (emphasis added)
 
 
 [2]
 The facts are also consistent with the Guidelines' grenade example (upon which Taylor relied in making his request for the express threat of death enhancement). "Give me the money or I will pull the pin on the grenade in my pocket." U.S.S.G. § 2B3.1(b)(2)(F), App.N. 7. On appeal Taylor contends that the words "or I will pull the pin" somehow make the threat more real than if the defendant simply stated that he had a grenade in his pocket, and that therefore Taylor's failure to threaten to detonate his bag of explosives precluded his statement that he had explosives from being characterized as an express threat of death. The distinction is fictitious
 
 
 [3]
 "The court should consider that the intent of the [express threat of death] provision is to provide an increased offense level for cases in which the offender engaged in conduct that would instill in a reasonable person, who is a victim of the offense, significantly greater fear than that necessary to constitute an element of the offense of robbery." U.S.S.G. § 2B3.1(b)(2)(F), App.N. 7